## Henry J. Gackenbach, Appellant, v. Lehigh County.

*Constitutional law— Title of act—Recorder's fees—Act of June 24, 1885.*

The act of June 24, 1885, P. L. 160, entitled "An act to perfect the records of deeds, mortgages and other instruments in certain cases," violates sec. 3, art. III. of the constitution which provides that "no bill except general appropriation bills shall be passed containing more than one subject which shall be clearly expressed in its title."

There is nothing in the title of the act to give notice or warning to the taxpayers of the different counties of the state that the recorder's fees given in the act were imposed upon them.

Argued Feb. 6, 1895. Appeal, No. 98, Jan. T., 1895, by plaintiff, from order of C. P. Lehigh Co., April T., 1894, No. 56, refusing to take off nonsuit. Before STERRETT, C. J., GREEN, WILLIAMS, MITCHELL and DEAN, JJ. Affirmed.

Assumpsit to recover fees under act of June 24, 1885. Before ALBRIGHT, P. J.

At the trial it appeared that plaintiff, recorder of deeds, claimed to recover $11,326.20 for adding certificates to deeds and instruments entered by his predecessors in office. The claim was made under the act of June 24, 1885, which allowed twenty cents for each certificate added to the records. The court held that the act of June 24, 1885, was unconstitutional, on the ground that its subject was not sufficiently expressed in its title, citing Pierie v. Philadelphia, 139 Pa. 573. A nonsuit was accordingly entered, which the court in the opinion of ALBRIGHT, P. J., subsequently refused to take off.

*Error assigned* was above order.

*John Rupp,* for appellant, cited: Act of June 24, 1885, P. L. 190, and distinguished Pierie v. Philadelphia, 139 Pa. 573; art. 14, sec. 5 of the constitution. Every presumption should be in favor of an act of assembly. The court can only declare an act void, when it violates the constitution clearly, palpably, plainly, and in such manner as to leave no doubt or hesitation in the mind of the judge: Com. v. Hartman, 17 Pa. 118; Sharpless v. Philadelphia, 21 Pa. 147; Eakin v. Raub, 12 S. & R.

330; Pennsylvania R. R. v. Riblet, 56 Pa. 164; Erie & North-East R. R. v. Casey, 26 Pa. 387; Com. v. Maxwell, 27 Pa. 444; Com. v. McWilliams, 11 Pa. 61; Craig v. First Presbyterian Church, 88 Pa. 42; Com. v. Vrooman, 164 Pa. 306; Com. v. Butler, 99 Pa. 535; Weister v. Hade, 52 Pa. 474; R. R. Co.'s Ap., 77 Pa. 429. The title should however not be misleading, or tend to withdraw attention from the covert purpose of the act: Allegheny County Home's Appeal, 77 Pa. 77; Mauch Chunk v. McGee, 81 Pa. 433; Philadelphia v. Ridge Avenue Railway Co., 142 Pa. 484; Yeager v. Weaver, 64 Pa. 425; Fredericks et al. v. Penna. Canal Co., 109 Pa. 50; Dorsey's Appeal, 72 Pa. 192; Com. v. Green, 58 Pa. 226; Blood et al. v. Mercelliott et al., 53 Pa. 391.

Also citing and distinguishing: Com. v. Depuy, 148 Pa. 201; Washington Borough v. McGeorge, 146 Pa. 248; Road in Borough of Phœnixville, 109 Pa. 44; Quinn v. Cumberland County, 162 Pa. 55; Sewickley Borough v. Sholes, 118 Pa. 165; Beckert v. Allegheny, 85 Pa. 191; Rogers v. Imp. Co., 109 Pa. 109; Com. v. Frantz, 135 Pa. 389; Hatfield v. Com., 120 Pa. 395; Com. v. Samuels, 163 Pa. 283; Perkins v. Philadelphia, 156 Pa. 554; act of May 3, 1878, P. L. 43; act of May 26, 1891, P. L. 129; act of June 30, 1883, P. L. 136; act of June 6, 1893, P. L. 340; act of April 18, 1867, P. L. 91; King v. Philadelphia Co., 154 Pa. 160.

*C. J. Erdman* and *T. F. Diefenderfer*, for appellee, were not heard, but cited in their printed brief: Pierie v. Philadelphia, 139 Pa. 573.

PER CURIAM, Feb. 25, 1895:

In principle, this case is substantially the same as Pierie v. Philadelphia, 139 Pa. 575, and is ruled thereby. There was therefore no error in refusing to take off the judgment of nonsuit.

Judgment affirmed.

VOL. CLXVI—29